IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| XEROX CORPORATION, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | No. 3:12-CV-94 (CAR) |
| LIGHT FOR LIFE, INC., | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION TO STAY PROCEEDINGS

Before the Court is Defendant Light for Life, Inc.'s Motion to Stay Proceedings [Doc. 10] in this case pending the resolution of a separate action before this Court, *Light for Life, Inc., and David Kang v. Our Firm Foundation for Koreans, Inc., Paul Im, Chang Sup Shim, and Justin Kim.*[1]  Having considered the relevant facts, applicable law, and the Motion and responses thereto, Defendant's Motion [Doc. 10] is **DENIED**.

The instant action is a breach of contract action in which Plaintiff Xerox Corporation ("Xerox") alleges that Defendant Light for Life, Inc., breached the Equipment Lease Agreement (the "Lease") executed by David Kang in July 2011. Specifically, Plaintiff alleges that Defendant failed to make any payment under the Lease for the use of two copier machines, amounting to a total principal amount owed

---

[1] No. 3:12-cv-38-CAR (M.D. Ga. Mar. 30, 2012).

of $94,325.75.   The separate lawsuit is a copyright infringement action brought by

Light for Life, Inc. and David Kang alleging, in part, that Defendant Justin Kim

fraudulently usurped the corporate authority of Light for Life, Inc.

In the instant action, two different Defendants, both claiming to be the

authorized corporate authority for Light for Life, Inc. have answered Xerox's

Complaint.  To avoid confusion, the Court will refer to these Light for Life Defendants

as "Defendant I" and "Defendant II."[2]  Defendant I filed the first answer (verified by

Justin Kim) alleging, in part, that David Kang lacked the mental capacity to enter into

the Lease with Xerox.   Defendant II filed the second answer, which, included an

explanation of the predicament between Defendants I and II.

Shortly thereafter, Defendant II filed this Motion, requesting that this Court

stay the pending action until the Court determines the issue of the lawful directorship

and control of Light for Life, Inc. in the separate action.  Defendant I does not object to

Defendant II's Motion.  Xerox, however, does oppose Defendant II's Motion.  In its

response, Xerox argues that the issue of Light for Life's corporate control is not

determinative of Light for Life's corporate liability under the Lease.  The Court agrees.

Defendant II has not shown that the circumstances of the separate action

warrant a stay of this case.  Although a district court has inherent power to control the

---

[2] The Court uses numeric labeling so to correspond to the order in which the answers were filed.

disposition of cases on its docket, "this power must not be exercised lightly."[3]   The

court's discretion must be guided by concern for the "interests of all the parties and

the interests of the court in an orderly disposition of its caseload."[4]

In this case, those interests are better served by allowing the instant action to

proceed, as a stay would cause greater prejudice to the interest of Xerox than the

denial of a stay would cause Defendants I and II.   Because both Defendants have

entered an answer to the Complaint, there is no great prejudice to Defendants I and II

proceeding in both actions.   A stay in this case would most prejudice Xerox, the

plaintiff.   This action concerns the contractual obligations of David Kang and Light for

Life, Inc.  An indefinite delay would hinder Xerox's ability to prosecute its claims and

pursue its interests, and Defendants I and II would have no real incentive to pursue

the seperate action with any haste.

A stay would also disserve the interests of judicial economy, as discovery has

already commenced in both actions.   Because the legal questions involved in both

cases are not the same, the resolution of the first action will have no foreseeable impact

on the resolution of the instant action.   In so concluding, the Court acknowledges

Xerox's opposition to Defendant II's Motion.   Should Xerox, through the course of

discovery, determine that Light for Life's corporate liability is an issue that needs to be

resolved before it can adequately pursue its interests, the Court will certainly entertain

---

[3] *Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083 (N.D. Ga. 1983).

[4] *Id.*

a joint motion to stay and reevaluate the parties' position.  However, at this point in

the proceedings, the Court concludes that it is in the best interests of the parties to

allow the instant action to proceed.  Accordingly, Defendant I's Motion to Stay [Doc.

10] is **DENIED**.

    **SO ORDERED,** this 12ᵗʰ day of October, 2012.


                                    S/  C. Ashley Royal
                                    C. ASHLEY ROYAL
                                    UNITED STATES DISTRICT JUDGE
LMH