IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

XEROX CORPORATION,         :
                                 :
      Plaintiff,            :
                                 :
v.                            :
                               :    No. 3:12-CV-94 (CAR)
LIGHT FOR LIFE, INC.,       :
and DAVID BYUNG KOOK KANG,  :
                               :
      Defendants.        :
_____ :

## ORDER ON DEFENDANT'S MOTION TO STRIKE

Before the Court is Defendant Light for Life, Inc.'s ("Defendant I") Motion to Strike Cross-Claim and Answer of Other Defendant Light for Life, Inc. ("Defendant II") and Defendant David Byung Kook Kang ("Kang") [Doc. 32].  Having considered the relevant facts and applicable law, Defendant's Motion [Doc. 32] is **GRANTED**.

Plaintiff Xerox Corporation ("Xerox") filed the instant action against Light for Life, Inc. ("Light for Life"), alleging that it breached the Equipment Lease Agreement (the "Lease") executed by Defendant David Kang in July 2011, who Xerox believed to be an acting officer or director for Light for Life.  Specifically, Xerox alleges that Light for Life failed to pay the amount due under the Lease, amounting to a total principal amount owed of $94,325.75.  Subsequently, Xerox amended its complaint, adding Kang as a defendant and alleging that Kang executed the Lease without noting

1

corporate capacity and that he was neither an officer nor director at the time the Lease was executed.  Two different Defendants, both claiming to be the authorized corporate authority for Light for Life answered Xerox's Complaint.  To avoid confusion, the Court will refer to the Light for Life Defendants as "Defendant I" and "Defendant II."[1]

The dispute over Light for Life's corporate authority is presently being litigated in a separate action before this Court, *Light for Life, Inc., and David Kang v. Our Firm Foundation for Koreans, Inc., Paul Im, Chang Sup Shim, and Justin Kim.*[2]  Therein, Defendant Kang and Defendant II brought a copyright infringement action against various members of Light for Life's Board of Directors, collectively Defendant I, alleging in part that they fraudulently usurped Light for Life's corporate authority.

After Defendant I and Defendant II entered an appearance in this case, the Court denied Defendant II's motion to stay the instant action pending the resolution of the copyright action.  Therein, the Court agreed with Xerox that the legal questions presented in the copyright action were not dispositive of the issues in this action.  In particular, the Court found that the issue of Light for Life's corporate authority was not determinative of its corporate liability under the Lease.[3]

On February 11, 2013, Defendant II and Kang answered Xerox's amended complaint and asserted a declaratory judgment cross-claim against Defendant I to

---

[1] The Court uses numeric labeling so to correspond to the order in which the answers were filed.
[2] No. 3:12-cv-38-CAR (M.D. Ga. Mar. 30, 2012).
[3] [*See* Doc. 20].

discern the identity of those persons who (1) lawfully comprised the Board of Directors at the time the Lease was executed; (2) held possession of the funds and assets of Light for Life when the Lease payments were not made; and (3) now have the power to act and respond in this lawsuit on behalf of Light for Life. Defendant I filed the instant Motion to Strike Defendant II's declaratory judgment cross-claim arguing that the matter of corporate authority is redundant of the separate copyright infringement action and that the cross-claim does not arise out of the transaction and occurrence of Xerox's action.[4]  Most recently, Xerox voluntarily dismissed Defendant Light for Life from the instant breach of contract action; Light for Life, however, remains pursuant to Defendant II's cross-claim.

Because Defendant I moves this Court to strike Defendant II's cross-claim, the Court looks first to Federal Rule of Civil Procedure 12(f) for guidance.  Rule 12(f) allows a district court to strike any redundant, immaterial, or impertinent matter from a pleading.[5]  The Court may do so *sua sponte* or at a party's request.[6]  Here, Defendant I contends that the issue presented in the copyright action and Defendant II's cross-claim raise the identical issue of who was in control, ownership, and possession of Light for Life.  Defendant I asserts that this cross-claim "relates to twenty years of corporate structure and governance" and that it is "absolutely immaterial" to the

---

[4] Defendant II did not file a response.
[5] Fed. R. Civ. P. 12(f).
[6] Fed. R. Civ. P. 12(f)(1), (2).

instant action brought by Xerox.[7]  Based on Plaintiff's recent dismissal of Light for Life, the Court agrees.

The issue raised in Defendant II's cross-claim focuses on the ownership, possession, and control of Light for Life Lease period with Xerox.  Because Xerox's amended complaint no longer alleges liability against Light for Life, the only remaining issue is whether Defendant Kang, who allegedly acted without corporate authority, is liable to Xerox.  Accordingly, the Court concludes that the cross-claim against Defendant I is immaterial and should be stricken pursuant to Rule 12.

Moreover, Rule 13(g) authorizes a party to bring as a cross-claim, any claim it has against another party on the same side of the litigation "if the claim arises out of the transaction or occurrence that is the subject matter of the original action."[8]  "A claim which satisfies the 'transaction or occurrence' test of Rule 13(g) necessarily must be closely related to the original action" and will therefore, satisfy the requirements for ancillary jurisdiction.[9]  "[A] claim is ancillary when it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction."[10]  "[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts

---

[7] [Doc. 32].

[8] Fed. R. Civ. P. 13(g).

[9] *Amco Constr. Co. v. Miss. State Bldg. Comm.*, 602 F.2d 730, 732 (5th Cir. 1979).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[10] *Revere Copper & Brass Inc. v. Aetna Cas. & Surety Co.*, 426 F.2d 709, 714 (5th Cir. 1970).

4

as the original claim in two senses: (1) that the same aggregate of operatives facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant."[11]

Here, the Court concludes that Defendant II's cross-claim does not arise out of the aggregate of operative facts of the instant breach of contract action.  The issue of Light for Life's corporate authority is no longer relevant as Defendant Kang's liability is the only issue in the instant action.  This conclusion is consistent with Xerox's allegations that Kang was neither an officer nor director of Light for Life and that Kang executed the Lease without noting any corporate capacity.  Accordingly, the Court concludes that Defendant II's cross-claim against Defendant I is does not arise from the breach of contract claim asserted by Xerox against Kang, and therefore, Defendant I's Motion to Strike [Doc. 32] is **GRANTED**, and Defendant Light for Life, Inc. is hereby **DISMISSED** from the instant action.

**SO ORDERED,** this 23rd day of April, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[11] *Id*. at 715.